USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 8/10/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:

Application of CHEVRON

This Document Applies to: ALL CASES
------------------------------------------------------------- x

10 MC 00001 (LAK)

# ORDER

LEWIS A. KAPLAN, *District Judge.*

      This matter is before the Court on the letter application of respondents Lago Agrio plaintiffs for an extension of time within which to respond to the motion of Chevron Corporation ("Chevron") for certain relief in connection with its application to compel film maker Joseph Berlinger and affiliates to produce outtakes created in connection with the production of his documentary, *Crude.*

*I*

      On August 3, 2010, petitioner Chevron moved "on a date to be determined by this Court, respectfully requested to be as soon as the Court's schedule permits, for a preservation order and to supplement and enforce the subpoenas" previously issued. It points to, among other things, respondent Berlinger's recent claim that certain of the tapes previously said to exist have been "lost," the alleged failure of Berlinger to provide an adequate privilege log, and evidence contained in outtakes that have been produced pursuant to the orders of this Court and the Court of Appeals which, it says, demonstrates or at least strongly suggests, that the Lago Agrio plaintiffs and their counsel and consultants planned and created the supposedly neutral "global assessment" being used against Chevron in Ecuador and repeatedly misrepresented the facts concerning that assessment to U.S. and Ecuadorian courts, to Congress and regulators, and to the press. It specifically seeks an order (1)

directing the parties "to preserve all potentially relevant evidence, including electronic evidence," (2) "granting Chevron leave to obtain discovery from Respondents of information provided by the individuals listed in paragraph 1 of the Second Circuit's Order dated July 15, 2010, specifically, any communications between Respondents and any of those individuals, any instances where instructions from or actions by any of those individuals led to cameras being turned off, and what was said or done by any of those individuals when the cameras were turned off," and (3) "compelling Respondents to provide the original footage log, to provide a complete privilege log describing the contents of all the segments they have withheld as ordered by this Court on July 21, 2010, and to produce any and all remaining footage that shows (a) any of Plaintiffs' attorneys and consultants or their associates, (b) any court-appointed or private experts, and/or (c) any current or former Ecuadorian governmental officials, as ordered by the Second Circuit on July 15, 2010."[1]

        Both this Court and the Court of Appeals previously have recognized the urgency of the matter.[2] Moreover, the individual practices of the undersigned require responses to discovery motions within two business days.[3] Nevertheless, bearing in mind that Chevron's application is supported by extensive documentation, the Court directed that answering papers be served and filed

---

[1] Chevron Mem. [DI 3] 34.

[2] *See, e.g., In re Chevron Corp.*, __ F. Supp.2d ___, No. M-19-111, 2010 WL 1801526 (S.D.N.Y. May 6, 2010, as corrected May 10, 2010, stay denied, May 20, 2010) ("The parties here thus are in a race – the Lago Agrio Plaintiffs seeking to obtain judgment against Chevron and criminal prosecution of Veiga and Pérez before the petitioners can obtain evidence which might prevent or help prevent these obviously threatening developments.")

[3] Individual Practices of Hon. Lewis A. Kaplan, at 2 (available at http://www1.nysd.uscourts.gov/cases/show.php?db=judge_info&id=121) (last visited Aug. 9, 2010).

by August 10, 2010, thus giving respondents a full week in which to respond.[4]

The Lago Agrio plaintiffs now contend that the week thus afforded them is inadequate and seek an extension until August 17 or 20.

## II

The Lago Agrio plaintiffs advance several arguments in support of their application.

1.  They begin by contending that Chevron's motion is supported by a 34-page brief and 54 exhibits culled from the lengthy record of the Ecuadorian litigation and a number of Section 1782 petitions in the United States. That of course is true. But it is misleading.

As an initial matter, Chevron's application has been prompted by Berlinger's response to the orders of this Court and the Court of Appeals. But Berlinger first produced some outtakes after the Court of Appeals order of July 15, 2010, with the bulk coming after this Court's order of July 20, 2010. Chevron therefore acted with alacrity consistent with the urgency of the situation. It is not unreasonable to expect the Lago Agrio plaintiffs, who presumably are as conversant with the Ecuadorian record as is Chevron, to act with commensurate speed.

Second, the bulk of this application relates to matters that have little to do with the large record to which the Lago Agrio plaintiffs refer. The question whether the Court should issue an evidence preservation order certainly has nothing to do with the Ecuadorian litigation record or other Section 1782 applications. Berlinger's original footage log either has or has not been produced. Berlinger's privilege log is or is not inadequate. There either is or is not some reasonable explanation for the suddenly lost tapes. In any case, the Lago Agrio plaintiffs presumably have little to contribute on these issues.

---

[4] This is the same as the seven days afforded by S.D.N.Y. Civ. R. 6.1 for responding to discovery motions.

4

To be sure, the Lago Agrio plaintiffs may be expected to have a position as to whether Chevron should be permitted to conduct further discovery concerning communications involving their counsel, consultants, and Ecuadorian officials. But the Court does not see why that position cannot be marshaled within the time allotted. Certainly counsel for the Lago Agrio plaintiffs are considerably more familiar with their own actions than is Chevron.

2. The Lago Agrio plaintiffs next argue that Chevron has filed other Section 1782 proceedings around the country, including a proceeding against one of their attorneys, and that the demands of these proceedings are substantial.

The Court of course has become aware of the existence of other Section 1782 proceedings, at least some of which appear to have been concluded. The Lago Agrio plaintiffs' letter application, however, gives no particulars as to the extent to which the demands of any other still pending proceedings conflict with meeting the schedule set by this Court in this one. Moreover, they reportedly are seeking to recover $27 billion in the Ecuadorian litigation and they have been pressing for the criminal prosecution there of two Chevron attorneys. In addition, they have rejected suggestions that a more relaxed schedule could be adopted if they were to agree to a stay of those proceedings.[5]

3. Finally, the Lago Agrio plaintiffs complain that Chevron has used misleading selections of outtakes produced by Berlinger to support its contention that the Lago Agrio plaintiffs and their attorneys have been guilty of deception and other misconduct but have refused to share the outtakes with them.

The Lago Agrio plaintiffs made this complaint at the hearing on July 19, 2010.[6]

---

[5] Tr., May 19, 2010, at 13:14-14:12; 20:9-20.

[6] Tr., July 19, 2010, at 35:11-23, 43:11-18.

At that time, both Chevron and Berlinger objected to producing the outtakes to them, Chevron on the ground that it would exceed the scope of the subpoenas and Berlinger presumably on the ground of journalist privilege.[7] In response to the plea of the Lago Agrio plaintiffs, the Court made clear that it would entertain an application from them for access to the outtakes. No such application ever was made. Having sat on their hands for the past three weeks, the implication that they were entitled to the outtakes comes with ill grace. Even more importantly, however, it remains unsupported by any legal authority for the proposition on which it rests – that a party to a foreign litigation in respect of which discovery is sought in the United States from a non-party under 28 U.S.C. § 1782 is entitled to receive whatever discovery is received by the applicant.

### III

In all of the circumstances, the Court sees no merit in the latest application. In the exercise of discretion, however, it will grant the Lago Agrio plaintiffs a very brief additional extension. The application of the Lago Agrio plaintiffs for an extension of time is granted to the extent that any response to Chevron's motion shall be filed and served no later than August 12, 2010 at noon.

SO ORDERED.

Dated:   August 10, 2010

_____
Lewis A. Kaplan
United States District Judge

---

[7] *Id.* at 43:19-44:16, 48:4-6.